Honorable Meyer S. Frucher Director Office of Employee Relations
Upon receipt of your letter of January 26, 1981 requesting an opinion in relation to the Public Officers Law, I referred it to the Advisory Committee on Ethical Standards, which scheduled a meeting to consider your request. I have now received the Committee's response, which is enclosed.
February 2, 1981
Honorable Robert Abrams Attorney General State of New York Department of Law Two World Trade Center New York, New York 10047
Dear Attorney General Abrams:
This recommendation of the Advisory Committee is predicated upon the facts stated in the letter dated January 26, 1981 to the Attorney General, written by Meyer S. Frucher.
On the basis of the information presented to the Committee in the request for an opinion, we find no violation of Section 73 of the Public Officers Law. In Section 74 of that law, the only possible violation is of Standard f in Subsection 3, which reads as follows:
 f. An officer or employee of a state agency, member of the legislature or legislative employee should not by his conduct give reasonable basis for the impression that any person can improperly influence him or unduly enjoy his favor in the performance of his official duties, or that he is affected by the kinship, rank, position or influence of any party or person.
That requirement of avoiding even the appearance of impropriety becomes a violation of law, as specified in Subsection 4, only if the individual in question "shall knowingly and intentionally violate" any provisions of this section. We do not find any evidence of such knowing or intentional action that might cast doubt on the propriety of the continuing relationship between Mr. Frucher and the law firm of Roemer and Featherstonhaugh. Indeed, Mr. Frucher shortly after he was appointed Director of Employee Relations, advised the law firm of the desirability of finding new counsel to avoid "inadvertent embarassment of both your office and myself . . ." In the meanwhile, Mr. Frucher wrote, "I would appreciate it if you would continue to handle any preliminary matters concerning these files while we are obtaining other counsel. . . ." It is not unreasonable to believe that Mr. Frucher, not himself a lawyer, believed that any matters before trial could be considered "preliminary."
We agree with Mr. Frucher's initial judgment that substitution of counsel would have been desirable. We do not believe, however, that his failure to make such arrangements promptly should be stigmatized as a conscious action that would result in "the impression that any person can improperly influence him or unduly enjoy his favor. . . ." This conclusion is reinforced by the fact that the fees billed by the law firm appear to have been, as asserted by Mr. Frucher, entirely appropriate for the services rendered.
For the reasons stated above, we find no violation of Sections 73 or 74 of the Public Officers Law.
 ADVISORY COMMITTEE ON ETHICAL STANDARDS BY: Robert B. McKay John T. Smythe Malcolm Hoenlein Frank Dowd Richard Bartlett